[Cite as *State v. Jacquillard*, 2013-Ohio-4778.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-130021 |
| | | TRIAL NO. B-0700868 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| SEAN C. JACQUILLARD, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Sentences Vacated in Part and Cause Remanded for Resentencing

Date of Judgment Entry on Appeal:  October 30, 2013


*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Rachel Lipman Curan,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*The Farrish Law Firm* and *Michaela M. Stagnaro,* for Defendant-Appellant.


Please note:  this case has been removed from the accelerated calendar.

**Sᴙᴠɪᴀ S. Hᴇɴᴅᴏɴ, Presiding Judge.**

{¶1}    Defendant-appellant Sean Jacquillard has appealed from the trial court's entry revoking his community control and imposing sentence.  Because the trial court failed to make the necessary findings before imposing consecutive sentences, failed to properly inform Jacquillard of the potential consequences he faced for a violation of his postrelease-control obligations, and failed to properly consider whether Jacquillard was entitled to credit for time served while incarcerated in Florida, we vacate in part the sentences imposed and remand this cause for resentencing.

### *Procedural History*

{¶2}    Jacquillard pled guilty to two counts of nonsupport of dependants, pursuant to R.C. 2919.21, in September of 2007.  The trial court sentenced Jacquillard to a five-year period of community control.  The court further informed Jacquillard that it would impose a sentence of 12 months' incarceration for each offense, to be served consecutively, if Jacquillard violated his community control.

{¶3}    In April of 2010, Jacquillard was found guilty of violating his community control.  The trial court terminated Jacquillard's community control and imposed an aggregate sentence of 24 months' imprisonment.  But the court granted Jacquillard a 90-day stay before the sentence took effect.  Jacquillard absconded during that period.  In November of 2012, Jacquillard was arrested in Florida.  After Jacquillard was returned to Ohio, the trial court conducted another sentencing hearing.  It imposed a sentence of 12 months' imprisonment for each offense, to be served consecutively.  And it granted Jacquillard jail-time credit for 28 days served

2

while he awaited sentencing. But the court declined to grant Jacquillard credit for time served while incarcerated in Florida.

### *Sentencing*

{¶4} In his first assignment of error, Jacquillard argues that the trial court erred in the imposition of sentence.

{¶5} He first contends that the trial court erred by sentencing him to a period of incarceration, rather than extending his community control. R.C. 2929.15(B)(1) provides that when an offender violates a provision of his or her community control, the trial court may impose a longer period of community control under the same sanctions, may order a more restrictive sanction of community control, or may sentence the offender to a term of imprisonment. We find no error in the trial court's decision to incarcerate Jacquillard, rather than to continue his community control. Jacquillard absconded from the court's jurisdiction, and the trial court had ample justification to find that Jacquillard was not amenable to community control.

{¶6} Jacquillard next contends that the trial court erred by imposing consecutive sentences without making the requisite findings under R.C. 2929.14. Jacquillard is correct. Pursuant to R.C. 2929.14(C)(4), a trial court must make various findings before imposing consecutive sentences. The court is not required to use talismanic words when making these findings, but it must be clear from the record that the court engaged in the required statutory analysis. *State v. Alexander*, 1st Dist. Hamilton Nos. C-110828 and C-110829, 2012-Ohio-3349, ¶ 16. Here, the trial court failed to make the findings provided for in R.C. 2929.14(C)(4). Consequently, we sustain in part Jacquillard's assignment of error. We vacate the

trial court's imposition of consecutive sentences and remand this cause for the court to consider the relevant criteria before imposing sentence.

{¶7} Jacquillard further argues that the trial court erred by failing to properly inform him regarding postrelease control. When imposing sentence, the trial court informed Jacquillard that he would be subject to a three-year period of postrelease control upon being released from prison. The trial court further told Jacquillard that if he violated his postrelease control, he would be returned to prison for anywhere from "zero to three years." This latter information was not accurate.

{¶8} R.C. 2967.28(F) discusses the imposition of sentence for a postrelease-control violation. It provides that the imposed period of incarceration for each violation "shall not exceed nine months, and the maximum cumulative prison term for all violations under this division shall not exceed one-half of the stated prison term originally imposed upon the offender as part of this sentence." R.C. 2967.28(F)(3). Although the trial court incorrectly informed Jacquillard at the sentencing hearing regarding the length of time that may be imposed for a postrelease-control violation, both the plea form signed by Jacquillard and the trial court's sentencing entry correctly reflect the statutory language.

{¶9} In *State v. Brown*, this court discussed what type of action by the trial court constituted sufficient notification to a defendant regarding postrelease control. *State v. Brown*, 1st Dist. Hamilton Nos. C-020162, C-020163, and C-020164, 2002-Ohio-5983. We held that postrelease-control notification requires some verbal exchange between the trial court and the defendant, and that the court may not rely solely on notification language contained in a sentencing entry, which is typically never seen by the defendant. *Id.* at ¶ 27. We acknowledged that notification

language contained on a plea form, a form seen and signed by the defendant, would be sufficient when coupled with a verbal dialogue between the court and the defendant ensuring that the defendant understands the postrelease-control language contained on the plea form and the potential consequences for a violation. *Id.* at ¶ 29.

{¶10} Following our review of the record, we find that the facts of this case do not comply with the type of notification required by *Brown*. Although the plea form signed by Jacquillard contained the correct language regarding postrelease control, the court did not comply with the second part of the notification requirement. While it attempted a verbal dialogue with Jacquillard, that dialogue contained incorrect information about the potential length of imprisonment Jacquillard faced for a violation of postrelease control. We cannot say that the court's verbal exchange ensured that Jacquillard understood the postrelease-control language contained on the plea form. When informing a defendant about the consequences of a postrelease-control violation, a trial court is not required to read the statutory language verbatim. But it must ensure that it correctly informs the defendant about the required information. We sustain in part Jacquillard's assignment of error, and remand this cause for the trial court to correctly inform Jacquillard of his postrelease-control obligations and the consequences for violating those obligations.

{¶11} Jacquillard last contends in this assignment of error that the trial court erred in failing to give him credit for time served while incarcerated in Florida and awaiting extradition and transport to Ohio.

{¶12} R.C. 2967.191 provides that a defendant's prison term shall be reduced "by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial." The trial court granted Jacquillard credit for time spent in the local jail prior to trial, but declined to grant him credit for time incarcerated in Florida. In so concluding, the court stated that "[t]he statute says I can give credit for the transportation if I want to, but I'm only required to give credit back to the time he makes it back to my jurisdiction." The court cited the embarrassment and inconvenience that Jacquillard had caused the court as its reason for denying credit for the time that Jacquillard was incarcerated in Florida.

{¶13} The trial court's statement was not an accurate reflection of the law. R.C. 2967.191 requires that a defendant be given credit for any time that the defendant was incarcerated related to the offense for which he was convicted and sentenced. This includes time incarcerated in another jurisdiction while awaiting extradition for that offense. *State v. Painter*, 11th Dist. Ashtabula No. 2009-A-0016, 2009-Ohio-4929, ¶ 28. The record in this case does not reflect the amount of days that Jacquillard was incarcerated in Florida. Nor does it reflect whether the Florida incarceration was related solely to the Ohio charges for nonsupport of defendants, or whether Jacquillard had been arrested on independent charges. If Jacquillard's incarceration in Florida was precipitated by his arrest on the nation-wide capias issued by the trial court, and no other charges were brought against him, then he is entitled to credit for time served in that jurisdiction while awaiting extradition. We hold that the trial court erred in denying Jacquillard credit for his time incarcerated in Florida while awaiting extradition without determining the reason for that

6

incarceration. On remand, the trial court must determine the reason for Jacquillard's incarceration in Florida and the length of that incarceration, and it must credit Jacquillard for that time if required by R.C. 2967.191.

{¶14} The first assignment of error is sustained in part and overruled in part.

### *Ineffective Assistance*

{¶15} In his second assignment of error, Jacquillard contends that his trial counsel was ineffective for failing to object to the aforementioned sentencing issues. To establish ineffective assistance, a defendant must demonstrate that his counsel's performance was deficient and that the defendant was prejudiced by that deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶16} We do not find counsel's performance to be ineffective. First, the record clearly indicates that the court considered giving Jacquillard credit for the time that he was incarcerated in Florida, but ultimately declined to do so. We cannot find that counsel failed to bring this issue to the court's attention. Nor was counsel ineffective for failing to have argued that the trial court failed to make the requisite findings before imposing consecutive sentences. Counsel had no opportunity to raise this argument during the sentencing hearing, because trial courts are not required to make these findings on the record and may instead fill out a felony-sentencing worksheet when imposing consecutive sentences. We last consider counsel's failure to object to the trial court's incorrect instruction regarding postrelease control. We cannot find counsel to have been ineffective on these grounds.

{¶17} Jacquillard's second assignment of error is overruled.

*Conclusion*

{¶18}  Jacquillard's first assignment of error contending that the trial court erred in the imposition of sentence is overruled in part and sustained in part.   The trial court's imposition of consecutive sentences is vacated.   On remand, the trial court must comply with R.C. 2929.14(C) and make any required findings before imposing consecutive sentences.   It must also correctly inform Jacquillard about his postrelease-control obligations and the potential consequences for violating those obligations.   Last, the court must determine whether Jacquillard is entitled, under R.C. 2967.191, to credit for any time incarcerated in Florida.

Judgment accordingly.

**HILDEBRANDT** and **CUNNINGHAM, JJ.,** concur.

Please note:
    The court has recorded its own entry on the date of the release of this opinion.